ALICE M. BATCHELDER, Circuit Judge,
concurring in part and concurring in the judgment.
I agree with much of Judge Huck’s thoughtful opinion. I write separately be *417 cause I agree with the partial dissent that if R.G. was bound and gagged as Brant claims, that was a grossly disproportionate response to his spitting, and because I agree that a reasonable jury could infer from that evidence that Kowalski acted with malice.
And while I also agree with the dissent that, in assessing the injury requirement, this court should consider the peculiar difficulties faced by children such as R.G. who are non-verbal and severely disabled, I nevertheless concur in the judgment because there is simply no evidence of any injury in this case. Nor, as the district court rightly noted, is there evidence of distress or anxiety that might imply injury. Cf. H.H. ex rel. H.F. v. Moffett, 335 Fed.Appx. 306, 308 (4th Cir.2009) (“H.F. began to notice that her daughter[, who had limited verbal capacity,] was becoming increasingly distressed, anxious, and angry about her experiences [at school].”). In fact, the record does not contain a single complaint by any parent.
The lack of injury is dispositive. And I accordingly concur in part and concur in the judgment.